## THE STATE *vs.* HICKLIN.

In all criminal cases an appeal lies to this court from the circuit court, as well for the State, where the judgment is against her, as for the accused, where it is against him.

Where judgment is arrested, and it is adjudged that the prisoner go without day, this is a final judgment discharging the prisoner, and an appeal lies for the State.

There is no necessity that, on a change of venue in a criminal case, the prisoner's petition, on which it was changed, or a copy of it, should be contained in the transcript: and the omission of such petition or copy in the transcript, is no ground for arresting the judgment.

THIS was an indictment for murder, tried in the Johnson Circuit Court, in September, 1842, before the Hon. RICHARD C. S. BROWN, one of the circuit judges. The indictment was found in 'Franklin county on the 13th of September, 1842. Not guilty pleaded, and venue changed to Johnson county on the application of the prisoner; where the case was tried, and a verdict of voluntary manslaughter returned. Sentence—imprisonment in the penitentiary two years. Motion for new trial overruled. Motion in arrest of judgment sustained, on the ground that the transcript from Franklin county did not contain the petition of Hicklin, on which the change of venue was granted, nor a copy of it. Judgment—that the judgment be arrested, set aside and held for nought, and prisoner go without day. Hicklin was then recognized, with security, to appear at the next term—the case continued; and the State appealed.

*Linton & Batson*, for appellee, moved to dismiss the appeal for want of jurisdiction.

*By the Court*, RINGO, C. J. This question was considered and discussed in the case of *The State vs. Graham*, reported 1 *Ark. Rep.* 428, and although the court then expressly reserved its opinion as to cases of this character, the reasons, which influenced the decision in that case, apply with equal force to this; and we have now, after a full and deliberate review of the whole question, no hesitation in declaring that it is our decided conviction that the Legislature intended to confer the right of appeal in all criminal cases, or prosecutions, equally upon the State and the accused, and that an appeal may be legally prosecuted by either party in every case founded upon an indictment, where a final judgment has been pronounced.

In the present case, after the defendant had been convicted of voluntary manslaughter, on an indictment for murder, the circuit court arrested the judgment and adjudged "that the prisoner go hence without day." This in its legal operation is a final judgment discharging the prisoner from further prosecution on said indictment, and from it an appeal well lies to this court.

---
The State *vs.* Hicklin.
---

The case was then argued by ROBERT W. JOHNSON, *Atty. Gen.*, for the State, and *Linton & Batson*, contra.

*By the Court*, LACY, J. It is evident in this case that the court erred in arresting the judgment upon the ground that, in a change of venue, it is necessary that the petition of the prisoner, or a copy thereof, should be contained in the transcript forwarded to the court having cognizance of the cause. Such is neither the words nor the intention of the act. The order of removal or change of venue, is required to be made upon the petition of the prisoner, unless the judge should be satisfied upon his own knowledge, that he cannot have the benefit of a fair and impartial trial, and then he has a right to make an order of removal or change of venue, without any application or petition on the part of the prisoner. Is is clear that it is the order of removal or change of venue, which gives jurisdiction to the circuit court to try the cause, to which it has been removed, or the change of venue had, and not the petition of the prisoner for such removal or change of venue. *Rev. St. chap.* 45, *sec.* 121 to 139. Sec. 131 of the act, makes it the duty of the clerk to make out a transcript of the proceedings, and to transmit them, under the seal of his court, to the clerk of the court to which the cause is removed: and sec. 132, declares that, upon the reception of such record, the same proceedings shall be had in the cause, in all respects, as should have been had where it originated. The jurisdiction of the court, where the cause is directed to be tried, is precisely the same as it would have been had it been determined in the county in which the offence had been committed; and that jurisdiction arises exclusively out of the order of removal or change of venue, and is to be exercised in conformity to its authority.

The court here arrested the judgment, and that arrest is unquestionably erroneous, and is set aside; and there being no error perceived in the conviction, the same is directed here to be reinstated on the rolls, and the judge to issue his warrant according to law to carry the same into execution.